# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL BARBER,

    Plaintiff,

v.                                                     Case No. 04-C-449

BRET GALINDO, VILLAGE OF CRIVITZ, et al.,

    Defendants.

## DECISION AND ORDER

      This case arises out of the repossession of the plaintiff's Freightliner truck. Before the truck was physically repossessed, a series of events occurred which undermined the plaintiff's title to the truck. The Freightliner truck in question was originally titled in Tennessee to the Mercedes-Benz Credit Corporation (Mercedes), the owner of the truck.[1] On October 31, 2000, Mercedes sold (or consigned) the truck to Foothill Trucks, Inc., a truck dealer, which then sold the truck to its own leasing company. As a result of that transaction, Mercedes maintained a first security interest in the truck. Foothill then applied for registration in California, listing Mercedes as the legal owner of the truck. Foothill Leasing then immediately leased the truck to Carlos Ayala.

      Some two weeks later, the truck was stopped in Arizona and a search revealed cocaine stored within the truck's walls; the truck was subsequently seized by Arizona officials. Two days later, the State of California processed the truck's pending registration and registered the truck in

---

[1]The plaintiff has not responded to the defendants' motion to dismiss nor their proposed findings of fact, so those facts set forth therein are taken as true. *See* Civil Local Rule 56.2(b)(2)(e).

the name of Carlos Ayala (though he was not listed as the truck's owner). The next day, in processing the truck's seizure, an Arizona official using the state's criminal justice information system obtained a report reflecting the truck's California registration to Ayala. The report stated, in part: "REG: CARLOS W. AYALA, 1005 W KENNETH RD CITY: GLENDALE C.C. :19 ZIP#: 91202" and further stated that "THIS RECORD DOES NOT REFLECT OWNERSHIP INFORMATION – USE VIN INQUIRY". (McPhillips Aff., Ex. 4.) This report apparently led the Arizona officer processing the forfeiture to erroneously list Ayala among the owners of the truck; also listed were the two individuals who were in the truck when it was stopped by police, neither of whom had any ownership interest in the Freightliner. (McPhillips Aff., Ex. 5.) The result of this erroneous report was that forfeiture proceedings went forward with notice being sent only to Ayala and the two other individuals rather than to the truck's actual owner or any lienholders.

In the meantime, the State of California was still processing the truck's title application. On December 31, 2000, six weeks after the truck was seized in Arizona, California issued a certificate of title correctly listing Mercedes as the lienholder. Soon after, however, the forfeiture proceedings in Arizona were concluded and, unbeknownst to Mercedes (because it had not received notice), the truck was forfeited to the State of Arizona. In 2002, it was bought at an Arizona police auction by the plaintiff's father-in-law, Arlen Sisk, and Sisk obtained an apparently clear Arizona title to the truck as well as a warranty of the title. Michael Barber, the plaintiff, then bought the truck from his father-in-law and obtained a Wisconsin title free and clear of all liens.

In the meantime, however, Foothill Trucks had stopped making payments on the truck, probably due to the fact that the truck had been seized and sold at auction. In response, Mercedes hired Auto & Marine, Inc., a repossession firm, to initiate the truck's repossession. Less than two

2

weeks later, Auto & Marine sent John Miskimins to Barber's house to repossess the truck. The truck was parked outside Barber's house, and Miskimins began attempting to "hotwire" it so that he could start the truck and drive it away. But before doing so, Miskimins allowed Barber to remove his personal belongings from the truck. There was no violence or other commotion during the repossession, and the plaintiff himself described the event as peaceful.

Present for some six minutes during the repossession was Officer Bret Galindo of the Crivitz Police Department. Galindo was there to prevent things from getting out of hand, and at one point while Barber was removing his belongings Officer Galindo instructed him to "calm down." Apart from that, however, there was no direct interaction between Galindo and Barber.

Having lost his truck through no fault of his own, Barber was understandably upset and soon hired a lawyer. The attorney was able to negotiate full reimbursement ($28,750) for the truck's price from the Mohave County (Arizona) Board of Supervisors, presumably on the basis that their employee's error had resulted in a breach of the warranty of title to the truck Sisk had obtained at the police auction. But apparently full reimbursement did not satisfy Barber, because he then brought the present lawsuit, alleging claims of conversion, trespass, wrongful repossession, and unfair debt collection practices; he also alleged constitutional claims based on the Fourth and Fifth Amendments. He sued not only the repossession agent, John Miskimins, and the repossession company he worked for, but also the lienholder (Mercedes), and even the police officer who stood by during the repossession; he also sued the Village of Crivitz, the officer's employer.

Since filing the complaint, however, the plaintiff has not fully participated in this litigation. He alleged he suffered "mental and emotional anguish" due to the repossession of the truck, but has not come forward with any evidence of such. He also alleged lost profits due to his loss of the

3

truck, but then failed to participate in depositions regarding his calculations of damages; when he did participate he was unable to describe his damages in any meaningful way. That required the defendants to file a motion to compel, to which the plaintiff failed to respond. At present, although the defendants have fully defended this lawsuit and have filed motions for summary judgment, the plaintiff has inexplicably failed to respond to those motions. For the reasons set forth below, the motions are granted.

## ANALYSIS

Because the plaintiff has not responded to the motions for summary judgment, several crucial facts are undisputed. Key among them are the fact that Mercedes had a perfected security interest in the truck and that once the truck's owner failed to make its payments, Mercedes was entitled to repossess the truck. It is also undisputed that the Arizona forfeiture proceedings were fatally defective and could not have legally deprived Mercedes of its ownership rights to the truck. Finally, it is undisputed that the repossession of the truck occurred in a peaceable manner.

With all of that being uncontested, Barber cannot recover on any of his legal theories because they are all premised, in one way or another, on the supposition that Mercedes was not within its rights to effectuate the repossession of the truck. To recall, the plaintiff brought claims of conversion, trespass, wrongful repossession, unfair debt collection practices, and violations of the Fourth and Fifth Amendments. First, it cannot be said that any of the parties "converted" the truck, given that Barber's own interest in the truck was junior to that of Mercedes. By the same token, the complaint's recitation of the trespass count is squarely refuted by the undisputed facts. The amended complaint claims, in paragraph 73, that "None of the defendants had a legal right to

4

immediate possession of the 1997 Freightliner and therefore had no legal justification for entering upon the premises of the Plaintiff's home without Plaintiff's consent or invitation, express or implied." That is now proven false by the undisputed facts. The next paragraph of the amended complaint claims that "Once Plaintiff voiced his unequivocal objections to any repossession of the 1997 Freightliner, defendants had no right to remain on the premises regardless of whether or not they had a right to immediate possession of the vehicle." (Am. Compl. ¶ 74.) The notion that the plaintiff "voiced his unequivocal objections" to the repossession has also been refuted. (*See,* e.g., DaimlerChrysler PFOF ¶¶ 43-48.) The repossession was peaceful and occurred only after Barber removed all of his belongings.

Similarly, Barber's third claim, which alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)(A)[2], is wholly unsupported by the facts. The Act reads:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest

15 U.S.C. § 1692f(6)(A). According to the complaint, the acts of Mercedes and the repossession agent were unfair practices because they took "nonjudicial action" to dispossess the truck when there was "no present right to possession of the property as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). In this case, however, the undisputed facts show that there *was* a present right to the possession of the property through an enforceable security interest. It is undisputed that Mercedes was a valid lienholder and it is also undisputed that it never received

---

[2]The complaint refers to § 1629, not 1692.

5

(nor was it sent) notice of the Arizona forfeiture proceedings. Moreover, there was no "debt" at issue here between Barber and Mercedes; Mercedes was simply repossessing its collateral based on the debt owed to it by Foothill Trucks. Accordingly, the Fair Debt Collection Practices Act has no conceivable application to these facts.

The same goes for Barber's claim of wrongful repossession. Because there is no evidence that Barber protested the repossession, self-help was available. *See Hollibush v. Ford Motor Credit Co.,* 508 N.W.2d 449, 452-55 (Wis. Ct. App. 1993). For the same reasons, Barber's constitutional claims fail as well. Given that it is undisputed that all of the parties were within their rights to peacefully repossess the truck, there can be no finding of a taking without due process or an unlawful seizure. Thus, even if the meager actions of Officer Galindo could somehow be construed to turn the private repossession into an action "under color of law" for purposes of § 1983, there was no underlying violation of any of Barber's privacy or property rights.

For these reasons, the motions for summary judgment are granted as to the DaimlerChrysler defendants, Officer Galindo and the Village of Crivitz. In addition, because the evidence conclusively shows that the plaintiff's claims fail as a matter of law, summary judgment is granted in favor of nonmoving parties Miskimins and Auto & Marine. This case is dismissed.

**SO ORDERED** this ___18th___ day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
