UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL BARBER,

    Plaintiff,

v.                                                     Case No. 04-C-449

BRET GALINDO, VILLAGE OF CRIVITZ, et al.,

    Defendants.

**DECISION AND ORDER**

       Judgment was entered in this case on January 18, 2006 based on my grant of the defendants' motions for summary judgment, which were filed in October 2005. In granting the motion for summary judgment I noted that the plaintiff had not filed any response to it, which meant that none of the factual issues had been disputed.

       On February 14, plaintiff filed a motion to reopen the case under Rule 60(b), which allows a judgment to be amended for a number of enumerated reasons, such as fraud, neglect, mistakes, inadvertence, etc. Fed. R. Civ. P. 60(b). The rule also includes a catch-all provision, allowing amendment or vacation of a judgment for "any other reason justifying relief from the operation of the judgment." It is this provision that the plaintiff relies upon, suggesting that it is within this court's inherent power to grant the relief he seeks (vacating the judgment) "in order to do justice in a particular case." (Motion for Relief at 1.)

       At the outset, it is unclear what sort of "justice" would be achieved by reopening this case. The plaintiff was represented by counsel and filed an action in federal court, but then failed to fully

participate in the prosecution of the case. Most troubling, of course, is the plaintiff's utter failure to respond to the motions for summary judgment, which even today has not been explained. Motions for summary judgment are common in federal practice. Any time individuals are sued–and perhaps especially when they are alleged to have visited constitutional violations upon a citizen–they are entitled to make their defense as a matter of law on the undisputed facts and, if successful, to obtain judgment accordingly. They did so here. The defendants filed briefs and affidavits, and their version of the facts has not been contested. To revisit the issues now under the quixotic guise of doing justice would actually achieve the opposite result.

In truth, the Rule 60 motion is also an affront to the court and to the public this court serves. When confronted with a motion for summary judgment, this court–like any court–takes the matter quite seriously: the process of reviewing the submissions of the parties, conducting independent research and issuing an opinion takes a substantial amount of time and resources. That process is ill-served in the first instance when counsel fails to meaningfully participate in it. Legal and factual issues may not be brought to the court's attention, and such omissions can call into question the ultimate correctness of the court's decision.

But the system is doubly undermined when the plaintiff not only ignores this initial process but then seeks to have a "do-over" on the basis that the court erred the first time around. The presumption in the present motion is that the plaintiff's case is so important, and the court's time and resources so vast, that two rounds of summary judgment are called for. The efforts the court and the defendant expended in the first instance are to be tossed aside, and all concerned should look anew at the plaintiff's case. In the meantime, presumably, all other cases currently pending before this court should be placed on the back-burner while the plaintiff is given a second

2

opportunity to make his arguments. (In substance, the Rule 60 motion is nothing more than an untimely brief in opposition to the original motion for summary judgment.) This would not achieve justice, despite the plaintiff's remarkable claim that "no unfair prejudice would result" if the Rule 60 motion were granted.

But even if I were to accept such benighted premises and entertain the arguments the plaintiff now levels, I would not grant the relief the plaintiff seeks. The plaintiff's case was a weak one. It was based on a series of unfortunate events that resulted in the plaintiff's truck being repossessed, although there is no dispute that the plaintiff's title to the truck was actually defective and that others were the truck's rightful owners. Following repossession, the truck's true owner regained possession of the truck and the plaintiff received compensation from those who had caused the snafu in the first place. Not satisfied with the compensation he recovered from those responsible for the snafu, plaintiff commenced this action, alleging that those who repossessed the truck, including the representative of the rightful owner, violated his rights under the United States Constitution.

Even aside from plaintiff's failure to respond to the defendants' motions for summary judgment, it is clear that his current efforts are even weaker. He argues that a factual dispute exists regarding the peaceful nature of the repossession; if it was not peaceful, then the repossessors had no self-help right to take the truck. But even if true, this only makes out a claim for a violation of state law, and then only a technical one: *the plaintiff did not own the truck*. The plaintiff does not explain how justice would be served by allowing him to proceed on an illegal repossession claim at this late stage when the underlying right to repossess the truck is not even disputed in the first place. Accordingly, as I find no basis to revisit the judgment in favor of the defendants, the Rule

3

Case 1:04-cv-00449-WCG    Filed 03/09/06    Page 3 of 4    Document 68

60(b) motion is denied.

**SO ORDERED** this 9th day of March, 2006.

    /s William C. Griesbach
William C. Griesbach
United States District Judge